IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CONSOLIDATED ACTION
No. 4:14-CV-169-BO

| | |
|---|---|
| W.S. BADCOCK CORPORATION, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STEPHEN L. BEAMAN, as Chapter 7 ) | |
| Trustee of the Estate of Edward L. Braxton ) | |
| and Wanda F. Braxton, ) | |
| ) | |
| Appellee. ) | |

This cause comes before the court on appellee's motion to dismiss this appeal from the Bankruptcy Court for the Eastern District of North Carolina. Because this appeal is interlocutory, the Court is without subject matter jurisdiction and the motion to dismiss is granted.

## BACKGROUND

This consolidated action arises from six separate appeals of orders entered by the Bankruptcy Court for the Eastern District of North Carolina. The orders on appeal allow appellee to conduct examinations of appellant and five other non-parties to the bankruptcy proceeding under Rule 2004 of the Federal Rules of Bankruptcy Procedure. On September 5, 2014, the Court (Flanagan, J.) denied appellant's emergency motion to stay enforcement of the Rule 2004 orders now on appeal. 5:14-MC-31-FL; *see* order at DE 14 for full recitation of the factual background of the instant appeals. [DE 14, 5:14-MC-31-FL]. Appellee, the Chapter 7 trustee, seeks dismissal of these consolidated appeals, arguing first that the appeals are moot

because the Rule 2004 examinations have already taken place and second that this Court lacks jurisdiction over the appeals because the Rule 2004 orders are interlocutory and not subject to immediate appeal.

## DISCUSSION

28 U.S.C. § 158(a) provides that the federal district courts shall have jurisdiction over appeals of final judgments, orders, and decrees of the federal bankruptcy courts, as well as interlocutory orders and decrees with leave of court. 28 U.S.C. § 158(a)(1);(3). The courts take a pragmatic view of finality in the bankruptcy context, and thus "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (citation omitted).

Appellant argues that the Rule 2004 order at issue is considered to be a final order under the *Perlman* doctrine, which provides that discovery orders directed against disinterested third parties are immediately appealable, because without immediate review the third-party would lack the power to challenge the court's order. *See United States v. Myers*, 593 F.3d 338 (4th Cir. 2009) (discussing *Perlman* doctrine); *Mezu v. Morgan State Univ.*, 495 Fed. App'x 286 (4th Cir. 2012) (unpublished) (same). However, "*Perlman* has come to mean that a privilege-holder may step in and appeal when a disinterested subpoena target is about to relinquish the privileged documents." *In re Naranjo*, 768 F.3d 332, 344 (4th Cir. 2014). This is not the circumstance here, and thus *Perlman* is inapposite. *See also id.* at n. 14 ("*Perlman* may no longer provide a viable rule in light of the Supreme Court's more recent decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).").

Thus, the Court returns to the general rule that discovery orders are not final decisions subject to immediate appeal. *See In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (discovery

2

orders are "clearly interlocutory decision[s]"). This view has been followed by numerous courts in the context of bankruptcy, and specifically in the context of Rule 2004 orders. *See In re: £Coleman Craten, LLC.*, 15 F. App'x 184 (4th Cir. 2001) (unpublished) (affirming dismissal of appeal of Rule 2004 order as interlocutory); *In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012) (noting "extensive case law holding bankruptcy discovery orders to be interlocutory"); *In re Kaiser Grp. Int'l, Inc.*, 400 B.R. 140, 144 (D. Del. 2009) (noting that the majority of courts have concluded that Rule 2004 orders are interlocutory). Thus, the Court holds that the Rule 2004 order on appeal is not a final order and that it is without jurisdiction to consider the appeal under 28 U.S.C. § 158(a).

Appellant further contends that this Court should exercise its discretion to grant leave to appeal the Rule 2004 order under 28 U.S.C. § 158(a)(3). When evaluating a motion for leave to appeal an interlocutory bankruptcy order, it is appropriate to consider the same factors used by a circuit court in determining whether to review an interlocutory order in a civil proceeding. *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000). Under 28 U.S.C. § 1292, appeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing an immediate appeal would materially advance the litigation. *Id.* Although the Court is not required to strictly apply these guidelines, they do provide strong guidance.

Appellee is correct to contend that immediate appeal of the Rule 2004 order does not involve a controlling question of law and would not materially advance the underlying bankruptcy proceedings. A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989)

3

(unpublished)). Whether or not appellant should be subject to a Rule 2004 examination fails to satisfy this test. Moreover, determining whether or not certain parties are subject to Rule 2004 examinations would not materially advance the underlying Chapter 7 proceedings. Because appellant has not shown that this is an exceptional case that would justify certification of an interlocutory appeal, the Court in its discretion denies appellant's request. *See Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.*, 317 F.2d 741, 743 (4th Cir. 1963); *see also In re Tullius*, 500 F. App'x 286, 292 (5th Cir. 2012) ("federal district courts have routinely declined to . . . allow immediate appeal of a bankruptcy court's discovery orders.").

## CONCLUSION

Because the Court lacks subject matter jurisdiction over the instant appeal, appellant's motion to dismiss [DE 22] is GRANTED. The clerk is DIRECTED to file this order in each of the cases consolidated herein – 4:14-CV-169-BO; 4:14-CV-170-BO; 4:14-CV-171-BO; 4:14-CV-172-BO; 4:14-CV-173-BO; 4:14-CV-174-BO – and to enter judgment accordingly.


SO ORDERED, this 10 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 4:14-cv-00169-BO   Document 33   Filed 02/11/15   Page 4 of 4